IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 99-10092-WEB |
| | ) | |
| CRAIG T. WILLIAMS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM AND ORDER

Now before the court is the defendant's motion pursuant to Rule 60(b)(4) and (6) requesting a nunc pro tunc amended judgment. The Defendant argues that the statute underlying his conviction encompasses the element of his prior drug offense and therefore the court could not enhance his sentence as a Career Offender.

Federal Rule Civil Procedure 60(b) has no applicability to a criminal proceeding. U.S. v. Triplett, 166 Fed.Appx. 362, 365 (10th Cir. 2006), citing U.S. v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998). Federal prisoners may bring a Rule 60(b) motion in a § 2255 proceeding if the motion challenges either a procedural ruling of the habeas court which precluded a merits determination of the habeas application, or a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead to a merits based attack on the disposition of a prior habeas petition. Spitznas v. Boone, 464 F.3d 1213, 1215-16 (10th Cir. 2006). A review of the record show the Defendant did not file a section 2255 motion.

The relief the Defendant requests, an amended judgment pursuant to Fed.R.Civ.P. 60(b), is not available to him.

IT IS THEREFORE ORDERED that the Defendant's motion pursuant to Rule 60(b)(4)

and (6) requesting a nunc pro tunc amended judgment is DENIED.

The court orders a copy of this Order be sent to the Defendant.

IS IT SO ORDERED this 14th day of April, 2010 at Wichita Kansas.


    s/ Wesley E. Brown
Wesley E. Brown
United States Senior District Court Judge