IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                              Crim. No. 99-10092-02-JTM
                                                Civ. No.   16-1226-JTM

CRAIG T. WILLIAMS,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant's motion pursuant to 28 U.S.C. § 2255 to vacate his sentence. (Dkt. 138). The motion asserts that defendant's sentence was unconstitutionally enhanced using prior convictions that no longer qualify as "crimes of violence" after the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). For the reasons that follow, the court concludes the motion is untimely and must be dismissed.

**I. Background**

Defendant Craig Williams pled guilty on May 5, 2000, to three counts, including possession with intent to distribute 94 grams of cocaine base, possession with intent to distribute 557 grams of a mixture containing cocaine, and possession with intent to distribute 598 grams of a mixture containing marijuana, all in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Dkts. 17-19). The first of these counts carried a statutory

penalty of at least ten years imprisonment and a maximum possible sentence of life imprisonment.

The U.S. Probation Office prepared a Presentence Report (PSR) that found defendant's offense level to be 34, based in part on a guideline enhancement for being a career offender under USSG § 4B1.1. At the time of sentencing, the U.S. Sentencing Guidelines were considered mandatory.[1] They included an enhancement if certain defendants had two prior convictions for either a "crime of violence" or a controlled substance offense. USSG § 4B1.1 (2000 Guidelines Manual). A crime of violence included (among other things) a felony that had as an element the use, attempted use, or threatened use of physical force against the person of another, and a felony "that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a)(2).[2]

The PSR asserted that defendant had one prior felony conviction for a crime of violence and one for a controlled substance offense. The crime of violence was identified as Assault with a Firearm in Los Angeles County Superior Court, Case No. VA011282 (PSR ¶38). The record does not disclose whether the assault conviction was considered a crime of violence because it constituted an "aggravated assault" or because by its nature it presented a serious risk of physical injury to another. The § 4B1.1 career offender enhancement increased both defendant's offense level and his Criminal History Category. Based upon a motion, the court sentenced defendant to a controlling term of 216 months imprisonment, which was below the applicable

---

[1] In *United States v. Booker*, 125 S.Ct. 738 (2005), the Supreme Court held that the mandatory nature of the guidelines violated the Sixth Amendment. As a result, the Court declared the guidelines to be advisory.
[2] The applicable Guideline Commentary at the time further explained the term "crime of violence" specifically included "aggravated assault." USSG § 4B1.2, comment. n.1 (2000 Guidelines Manual).

guideline range of 262 to 327 months. (PSR ¶72; Dkt. 64). Judgment was entered on February 21, 2001. No direct appeal was filed.[3]

In *Johnson*, the Supreme Court found the "residual clause" of the Armed Career Criminal Act (ACCA)—18 U.S.C. § 924(e)(2)(B)— to be unconstitutionally vague. The clause resulted in enhancement of the statutory penalty for an offense based on a prior "violent felony" that "involves conduct that presents a serious potential risk of physical injury to another." The Supreme Court found that the clause was impermissibly vague and that due process prohibited its use to increase the statutory penalty. The Supreme Court later held that *Johnson* applied retroactively to cases on collateral review. *See Welch v. United States*, 136 S.Ct. 1257 (2016).

Subsequently, in *Beckles v. United States*, 137 S.Ct. 886 (2017), the Supreme Court found *Johnson* did not apply to the nearly-identical residual clause in the now-advisory sentencing guidelines, because the guidelines "merely guide the exercise of a court's discretion in choosing an appropriate sentence within the statutory range." *Id*. at 892. The Court left open the question of whether defendants sentenced under the mandatory guidelines could mount a vagueness challenge. *Id*. at 903, n.4 (Sotomayor, J. concurring in the judgment).

On June 20, 2016, defendant filed his motion under 28 U.S.C. § 2255. The motion argues defendant's right to due process was violated through use of an enhancement for a crime of violence under the residual clause of USSG 4B1.1. Defendant argues his

---

[3] Defendant subsequently filed several unsuccessful motions to reduce his sentence based upon amendments to the sentencing guidelines.

prior assault conviction does not qualify as a crime of violence under the rule of *Johnson*, and he seeks to be resentenced without the enhancement. He contends his motion is timely because it was filed within one year of the date on which the Supreme Court recognized this due process right in *Johnson*. (Dkt. 138 at 8).

The Government argues, among other things, that defendant's motion is untimely, because it was not brought within one year of when the judgment became final and because the Supreme Court "has yet to hold that *Johnson* is a new right that applies retroactively to the pre-*Booker* scheme under the Guidelines." (Dkt. 146 at 9).

**II. Discussion**

A recent ruling of the Tenth Circuit, *United States v. Greer*, ___F.3d___, 2018 WL 721675 (10th Cir. Feb. 6, 2018), confirms the Government's argument that defendant's motion is untimely.

Pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), a § 2255 motion ordinarily must be brought within one year of the later of "the date on which the judgment of conviction becomes final" or "the right asserted [by petitioner] was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(1), (3). *Greer*, 2018 WL 721675 at *2.

*Greer* involved a § 2255 petitioner who claimed his enhanced sentenced under the residual clause of the mandatory guidelines was unconstitutional under the rule of *Johnson*. The Tenth Circuit said such an argument—which is the same one asserted by Mr. Williams—would "require this court to address the constitutionality of the residual

4

clause of the mandatory Guidelines in the first instance on collateral review." *Id*. at *3. *Greer* held that "such a task exceeds the authority of this court under AEDPA." The Tenth Circuit said the defendant was not asserting a right recognized by the Supreme Court but was arguing for extension of *Johnson's* reasoning to the mandatory guidelines. But the Supreme Court "has recognized no such right" and "nothing in *Johnson* speaks to the issue" of whether application of the residual clause of the mandatory guidelines violates the right of due process.

Defendant's § 2255 motion was not filed within a year of when the conviction became final and does not assert a right newly recognized by the Supreme Court. Nor does it allege any facts that could warrant tolling of the limitations period. Accordingly, it is barred by the limitations period in 28 U.S.C. § 2255(f).

**IT IS THEREFORE ORDERED** this 12th day of February, 2018, that defendant Craig T. Williams's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 138) is DISMISSED.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). When the court's ruling is based on procedural grounds, the applicant must additionally demonstrate that reasonable jurists would find it debatable whether the court was

correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because defendant fails to satisfy the applicable standards in this case, the court denies a certificate of appealability.

___s/ J. Thomas Marten_____<br>J. THOMAS MARTEN, JUDGE